WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Davis, | No. CV-14-08012-PCT-ESW |
| Plaintiff, | **ORDER** |
| v. | |
| Sylvia Matthews Burwell, Secretary, U.S. Department of Health and Human Services, | |
| Defendant. | |

Pending before the Court is Defendant's Motion for Summary Judgment (Doc. 36). The District Court has jurisdiction pursuant to 28 U.S.C. § 1331. The parties have consented to proceeding before a Magistrate Judge pursuant to Rule 73, Fed. R. Civ. P. and 28 U.S.C. § 636(c). (Docs. 6, 10).

After reviewing the parties' submissions, the Court finds that the Court lacks subject matter jurisdiction. Defendant's Motion for Summary Judgment will be deemed moot, and Plaintiff's Complaint will be dismissed with prejudice.

## I. PROCEDURAL HISTORY

Plaintiff filed a Complaint (Doc. 1) in Federal Court on January 21, 2014. Defendant filed an Answer (Doc. 8) on May 5, 2014. All issues are joined. On June 8, 2015, Defendant filed a Motion for Summary Judgment and Statement of Facts (Docs. 36, 37). Plaintiff responded (Docs. 39, 40) on July 17, 2015. Defendant filed a Reply (Doc. 42) on August 3, 2015. The matter is deemed submitted for decision.

Defendant seeks summary judgment on all of Plaintiff's claims. Plaintiff alleges that Defendant Sylvia Burwell, while acting in her official capacity as Secretary of the Department of Health and Human Services, discriminated against Plaintiff due to his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, et seq.[1] Specifically, Plaintiff alleges that he was denied reasonable accommodations and terminated or constructively discharged due to discrimination on the basis of his back, knee, and leg disabilities, in violation of 42 U.S.C. § 12112(a).

Defendant moves for summary judgment on all of Plaintiff's claims because (i) Plaintiff's physical limitations prevent him from performing the essential functions of his job with or without reasonable accommodations; (ii) Plaintiff's physical limitations prevent him from performing the accommodations Plaintiff proposes; and (iii) the accommodations Plaintiff proposes place an undue hardship on the employer.

Plaintiff urges the Court to deny Defendant's Motion for Summary Judgment because (i) Defendant failed to respond to Plaintiff's request for accommodation as required by the ADA; and (ii) genuine issues of material fact exist regarding whether Plaintiff could have performed available and existing light duty work.

## II. LEGAL STANDARDS

**1. Summary Judgment**

Summary judgment is appropriate if the evidence, when reviewed in a light most favorable to the non-moving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law determines which facts are material in a case and "only disputes over facts that might affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air,*

---

[1] Sylvia Matthews Burwell was confirmed as Secretary of DHHS by the United States Senate on June 5, 2014 and is automatically substituted in as defendant pursuant to Fed. R. Civ. P. 25(d). 2014 WL 2528488 (White House) (June 5, 2014).

1  *Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248).  Thus, the
2  nonmoving party must show that the genuine factual issues "'can be resolved only by a
3  finder of fact because they may reasonably be resolved in favor of either party.'"  *Cal.*
4  *Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th
5  Cir. 1987) (quoting *Anderson*, 477 U.S. at 250).

6        Because "[c]redibility determinations, the weighing of the evidence, and the
7  drawing of legitimate inferences from the facts are jury functions, not those of a judge . . .
8  [t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be
9  drawn in his favor" at the summary judgment stage.  *Anderson,* 477 U.S. at 255 (citing
10 *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158-59 (1970)); *Harris v. Itzhaki,* 183 F.3d
11 1043, 1051 (9th Cir. 1999) ("Issues of credibility, including questions of intent, should be
12 left to the jury.") (citations omitted).

13       When moving for summary judgment, the burden of proof initially rests with the
14 moving party to present the basis for his motion and to identify those portions of the
15 record and affidavits that he believes demonstrate the absence of a genuine issue of
16 material fact.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986).  If the movant fails
17 to carry his initial burden of production, the non-movant need not produce anything
18 further.  The motion for summary judgment would then fail.  However, if the movant
19 meets his initial burden of production, then the burden shifts to the non-moving party to
20 show that a genuine issue of material fact exists and that the movant is not entitled to
21 judgment as a matter of law.  *Anderson,* 477 U.S. at 248, 250; *Triton Energy Corp. v.*
22 *Square D. Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995).  The nonmovant need not establish a
23 material issue of fact conclusively in his favor.  *First Nat'l Bank of Ariz. v. Cities Serv.*
24 *Co.,* 391 U.S. 253, 288-89 (1968).  However, he must "come forward with specific facts
25 showing that there is a genuine issue for trial."  *Matsushita Elec. Indus. Co., Ltd. v.Zenith*
26 *Radio Corp.,* 475 U.S. 574, 587 (1986) (internal citation and emphasis omitted); *see* Fed.
27 R. Civ. P. 56(c)(1).

28       Conclusory allegations unsupported by factual material are insufficient to defeat a

motion for summary judgment. *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989); s*ee also Soremekun v. Thrifty Payless, Inc.,* 502 F.3d 978, 984 (9th Cir. 2007) ("[c]onclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment"). Nor can such allegations be the basis for a motion for summary judgment.

Finally, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Dismissal also may be ordered when a party has pled sufficient allegations to support a bar to recovery or an absolute defense. *Weisibuch v. County of L.A.*, 119 F.3d 778, 783 n. 1 (9th Cir. 1997) ("If the pleadings establish facts compelling a decision one way, that is as good as if depositions and . . . other evidence on summary judgment establishes the identical facts.").

### 2. Americans with Disabilities Act

The ADA excludes the federal government from the definition of an employer. 42 U.S.C. § 12111(5)(B)(i); *Zimmerman v. Oregon Dep't of Justice*, 170 F.3d 1169, 1172 (9th Cir. 1999) ("Although Congress generally included governmental employers in Title I, it exempted the *federal* government from that Title."). "Based on this exclusion, federal courts have concluded that the ADA provides no remedy to federal employees." *Jackson v. Napolitano*, 2010 WL 94110, *3 (D. Ariz. 2010) (citing *Daniels v. Chertoff*, 2007 WL 1140401, *2 (D. Ariz. 2007)); *see also Calero-Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 11 n. 1 (1st Cir. 2004) ("ADA is not available to federal employees."); *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) ("[T]he entire federal government is excluded from the ADA."); *Rivera v. Heyman*, 157 F.3d 101, 103 (2nd Cir. 1998) (a federal employee "has no remedy for employment discrimination under the ADA").

### 3. Rehabilitation Act of 1973

The Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. 701, et seq., "prohibits discrimination . . . in employment against disabled persons by federal agencies." *Hiler v. Brown*, 177 F.3d 542, 545 (6th Cir. 1999) (citing 29 U.S.C. §§ 791,

794 (1994)).  The Rehabilitation Act utilizes the same standards as the ADA to determine if a violation has occurred.  29 U.S.C. § 791(f).

"The Rehabilitation Act requires that government agencies reasonably accommodate an employee's disability."  *McLean v. Runyan*, 222 F.3d 1150, 1154 (9th Cir. 2000).  "Not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability" can constitute discrimination.  42 U.S.C. § 12112(b)(5)(2).  A reasonable accommodation by an employer can include:  "job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices . . . and other similar accommodations for individuals with disabilities."  42 U.S.C. § 12111(9)(B).

An employer has a duty to provide the employee with a reasonable accommodation unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business of [the employer]."  42 U.S.C. § 12112(b)(5)(A).  Undue hardship "refers to any accommodation that would be unduly costly, extensive, substantial, or disruptive, or that would fundamentally alter the nature or operation of the business."  29 C.F.R. § Pt. 1630, App.  The employer is not required to "reallocate essential functions."  *Id*.  Nor is an employer required to "create a new position to accommodate a disabled employee."  *Wellington v. Lyon Cnty Sch. Dist.*, 187 F.3d 1150, 1155 (9th Cir. 1999).  "[A]n accommodation causes undue hardship whenever that accommodation results in more than a de minimis cost to the employer."  *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 67 (1986).

### III. DISCUSSION

"A complaint must be dismissed if there is a 'lack of jurisdiction over subject matter.'"  Rule 12(b)(1), Fed. R. Civ. P.  If a plaintiff suing in federal court fails to set forth facts which establish federal jurisdiction over the claims alleged, the court, either upon motion or *sua sponte*, "must dismiss the case unless the defect can be corrected by amendment."  *Tosco Corp. v. Communities for a Better Envt*, 236 F.3d 495, 499 (9th Cir.

1  2001) (*per curiam*) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)).  "A trial
2  court may act on its own initiative to note the inadequacy of a complaint and dismiss it
3  for failure to state a claim."  *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citations
4  omitted).

5  As a general rule, the United States has sovereign immunity from lawsuits brought
6  against it by private citizens unless the United States consents to suit by an express
7  waiver.  *Bramwell v. U.S. Bureau of Prisons*, 348 F.3d 804, 806 (9th Cir. 2003).
8  Sovereign immunity applies to federal agencies and federal employees acting within their
9  official capacity.  *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997) (citing *S. Delta
10  Water Agency v. U.S. Dept. of Interior*, 767 F.2d 531, 536 (9th Cir. 1985)).  Congress may
11  unequivocally and expressly waive the federal government's sovereign immunity by
12  enacting statutory authority which permits a law suit against the federal government in
13  certain limited circumstances.  *Lane v. Pena*, 518 U.S. 187, 192 (1996).  Such limitations
14  are strictly construed.  *Hodge*, 107 F.3d at 707.  The Court lacks subject matter
15  jurisdiction over a claim against the United States if the federal government has not
16  consented to being sued on the claim.  *Consejo de Desarrollo Economico de Mexicale,
17  A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007); *United States v. Sherwood*,
18  312 U.S. 584, 586 (1941) (stating that unless the United States consents to be sued, the
19  Court lacks subject matter jurisdiction over claims against the federal government);
20  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1998).

21  The purpose of the ADA is to prevent and eliminate discrimination against
22  individuals with disabilities in employment, housing, education, and other critical areas
23  of society.  42 U.S.C. § 12101(b).  However, there is no dispute that at all times relevant
24  to this case Plaintiff was a federal employee.  (Doc. 1 at 2).  DHHS is a federal
25  employer,[2] and the Defendant is being sued in her official capacity as Secretary of
26  DHHS.  *See Blackmar v. Guerre*, 342 U.S. 512, 515 (1952) (explaining that a federal

---

[2] The United States Department of Health, Education and Welfare was created in 1953 and redesignated the Department of Health and Human Services in 1979.  Reorganization Plan No. 1 of 1953, 67 Stat. 631; 20 U.S.C. § 3508.

agency cannot be sued *eo nomine* unless Congress explicitly authorizes suit). Plaintiff's Complaint seeks relief solely on the basis of a violation of the ADA. Plaintiff states: "This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq." (Doc. 1 at 1). In Plaintiff's Response to Defendant's Motion for Summary Judgment, Plaintiff cites the Court to the ADA in support of his claim for relief (Doc. 39 at 6-11). Though the Defendant raised the Rehabilitation Act in her Motion and Reply, the Plaintiff failed to move to amend his Complaint or address the Rehabilitation Act. Plaintiff improperly seeks relief under a statute which specifically excludes the Defendant from all liability. Considering all the evidence in a light most favorable to the Plaintiff and accepting all well-pled factual allegations as true, the Court finds that Plaintiff fails to state a cause of action against the Defendant under the ADA. *See Smile Care Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (stating that a court may dismiss a claim as a matter of law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim").

Because Plaintiff's claims rely on the ADA which expressly excludes federal employers from the Act's coverage, the Court has no authority but to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction. Plaintiff's disability discrimination claims are not cognizable under the ADA. 42 U.S.C. § 12111(5)(B)(i); *see also Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). "A district court lacks subject matter jurisdiction over an ADA claim lodged against a defendant that is neither an employer, employment agency, labor organization, nor a joint labor-management committee as those terms are defined in the ADA. *Jones v. American Postal Workers Union*, 192 F.3d 417, 423 (4th Cir. 1999). However, "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996)); *see also Smith v. McCullough*, 270 U.S. 456, 459 (1926).

As the following discussion regarding the facts of this case shows, Plaintiff's

claims under the ADA properly could have been brought under the Rehabilitation Act. *See Duvall v. Cnty of Kitsap*, 260 F.3d 1124, 1135 (9th Cir. 2001) (analyzing Plaintiff's ADA, Rehabilitation Act, and Washington law-based claims together "[b]ecause the elements of [those claims] do not differ in any respect relevant to the resolution of this appeal"). However, to allow Plaintiff leave to amend his Complaint is deemed futile as the accommodations sought by Plaintiff impose an undue hardship on Defendant.

Plaintiff worked as an engineering technician for the United States Department of Health and Human Services ("DHHS") through the Office of Environmental Health & Engineering ("OEH&E") at the Many Farms field office of the Navajo Area Indian Health Service ("IHS"). OEH&E serves approximately 8,000 homes on the Navajo Reservation by providing residents with access to running water and sanitation.

As a civil engineering technician, Plaintiff is required to draft construction plans using computer software. The physical demands of his job are necessitated by inspections and field work requiring "long periods of standing, walking over rough, uneven, rocky, or slippery surfaces; recurring bending, crouching, stooping, stretching, climbing, or similar activities; recurring lifting of light to moderately heavy items weighing less than 50 pounds, such as testing or measuring equipment and/or regular visits to construction or other outdoor sites." (Doc. 37-2 at 96). Fifty-five percent of an engineering technician's job entails field work.

Plaintiff's performance on the use of computer drafting software was lacking despite attendance at a significant amount of AutoCAD training. In August 2011, Plaintiff's supervisor placed Plaintiff on a performance improvement plan ("PIP") and held additional one-on-one weekly meetings with Plaintiff to attempt to improve Plaintiff's computer and field work performance. Plaintiff did not successfully complete this PIP.

During the PIP, Plaintiff informed his employer verbally and by email that Plaintiff was disabled due to his back and needed reasonable accommodations for his disability. Plaintiff requested "1.) Some kind of light duty such as: a. Feasibility

1  Studies. b. Collection of consents. c. Construction Inspection. 2.) Plumbing
2  Coordinator Position." (Doc. 37-2 at 120). Plaintiff further requested that IHS
3  "[a]llocate another civil engineering technician to assist with survey and staking tasks" or
4  provide a tool belt and survey bag to Plaintiff so that he could more easily carry work
5  supplies. (*Id.* at 80).

6  Plaintiff's medical records reflect that Plaintiff suffered from herniated disc
7  disease at L4-L5 with spinal compression. Plaintiff's treating physician restricted
8  Plaintiff to desk work with "no lifting weights greater than 5 pounds, no repetitive
9  bending or twisting, no prolonged standing, and no climbing or pulling." (*Id.* at 99, 122).
10 The doctor placed no end date on the restrictions. Medical records indicate that surgery
11 was a possibility, and Plaintiff suffered from the additional conditions of a blood clot in
12 the leg, diabetes, and knee pain. (*Id.* at 133).

13 From November 10, 2011 until December 7, 2011, email communications
14 between Plaintiff's supervisor and IHS's Supervisory Human Resources Specialist reflect
15 that possible accommodations for Plaintiff were discussed. Discussions were elevated to
16 the Director level. In January 2012, IHS concluded that it could not reasonably
17 accommodate Plaintiff's physical disabilities despite Plaintiff's suggestions to the
18 contrary. On March 9, 2012, the Director of Sanitation sent Plaintiff a "Denial of
19 Request for Reasonable Accommodation," listing the accommodations that were denied
20 and the reasons for the denials. (*Id.* at 107-108). A deadline of May 22, 2012 was
21 presented to Plaintiff for response. However, on June 6, 2012, Plaintiff sent IHS an email
22 resigning from his position effective June 15, 2012.

23 Plaintiff exhausted all administrative remedies and filed this lawsuit. Considering
24 all the evidence in a light most favorable to the Plaintiff, the Court finds that the Plaintiff
25 has failed to rebut the Defendant's claim that the accommodation requested by Plaintiff
26 poses an undue hardship on the Defendant. It is undisputed that IHS was operating under
27 a substantial backlog of projects at all times relevant to the Complaint. Plaintiff testified
28 that all OEH&E engineering technicians at IHS were very busy with numerous projects

1   to be completed and a large backlog of projects at the time he worked there.  (Doc. 37-2
2   at 35).  The mission of OEH&E is to provide families on the Navajo Reservation with
3   sanitation facilities.  A delay in providing this service necessarily would lower
4   performance and production standards for OEH&E and result in residential homes and
5   the families who lived in them lacking adequate sanitation facilities.

6   It is also undisputed that the accommodations sought by Plaintiff, with the
7   exception of a tool belt and survey bag for carrying supplies,[3] require reassignment of the
8   essential functions of an engineering technician's job.  No portion of the job of
9   engineering technician set forth by Plaintiff as light duty work he could perform existed
10  as a full time, vacant, existing position.  Feasibility studies, consent collections,
11  construction inspections, and plumbing coordination were all discrete job duties of an
12  engineering technician.  The law does not require the Defendant to reassign job functions
13  among engineering technicians to create a new job for Plaintiff where none exists.  That
14  any one task identified was insufficient to keep a full time employee busy is undisputed.
15  No credible evidence of the existence of a vacant plumbing coordinator job was
16  presented.  Plaintiff's physical limitations precluded the performance of such a
17  demanding job function.  That the reallocation of functions suggested by Plaintiff would
18  result in an inefficient and delayed delivery of service is also undisputed.  Plaintiff's
19  request that another civil engineering technician assist him in performing the essential
20  functions of his job also would result in a delay of service to families.  Plaintiff presented
21  no credible evidence to the contrary.

22  No genuine issue of material fact exists regarding the issue of undue hardship.
23  The Court finds that the accommodations requested by Plaintiff, even if reasonable,
24  would result in an undue hardship to the Defendant.  The Court further finds that the
25  Defendant did, in fact, participate in the interactive process in seeking to accommodate
26  Plaintiff's disability.  Therefore, allowing amendment of Plaintiff's Complaint to permit

---

[3] Plaintiff later admits that his weight restrictions precluded him from carrying a tool belt or survey bag for supplies.

Plaintiff to properly allege Plaintiff's claims under the Rehabilitation Act is deemed futile.[4]

### IV.  CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** dismissing with prejudice Plaintiff's Complaint (Doc. 1). Defendant's Motion for Summary Judgment (Doc. 36) is deemed moot.

**IT IS ORDERED** that the Clerk shall terminate this action.

Dated this 5th day of January, 2016.

Honorable Eileen S. Willett
United States Magistrate Judge

---

[4] *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend."); *see also Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend.").